IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHAWN STILLIAN                                                                                              PLAINTIFF

v.                                               CIVIL NO. 6:24-cv-06086

LELAND DUDEK,[1] Acting Commissioner                                           DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

    Plaintiff, Shawn Stillian, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See U.S.C. § 405(g).

    Plaintiff protectively filed his application for DIB on April 4, 2021. (Tr. 25). In his application, Plaintiff alleged disability beginning on April 22, 2020, due to severe PTSD, severe anxiety, severe depression, high blood pressure, high cholesterol, degenerative disc disease in the back and neck, back problems, left shoulder problems, and heart problems. (Tr. 25, 233). An administrative hearing was held via telephone on November 8, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 43–87). A vocational expert ("VE") also testified. *Id*.

---

[1] Leland Dudek, has been appointed to serve as Acting Commissioner of the Social Security Administration, and is substituted as Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

On May 26, 2023, the ALJ issued an unfavorable decision. (Tr. 22–36). The ALJ found that Plaintiff last met the insured status requirements of the Act on June 30, 2022, and that Plaintiff was engaged in substantial gainful activity from April 2020 through June 2021. (Tr. 28). The ALJ found that, since July 1, 2021, Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, small thickness tear and tendinosis of the left shoulder, obesity, panic disorder, and depressive disorder. (Tr. 28). The ALJ found that Plaintiff's coronary artery disease was not severe. *Id*. The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 29). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant can stand and/or walk 6 hours in an 8-hour workday; he can sit 6 hours in an 8-hour workday; he can lift and/or carry 10 pounds frequently and 20 pounds occasionally; he can never climb ropes, ladders, or scaffolds; he can occasionally stoop, crouch, bend, kneel, and crawl; he can occasionally perform overhead reaching with the left upper extremity; he can frequently perform handling/fingering with the left upper extremity; he can perform simple, routine, repetitive tasks; and he can have frequent interaction with coworkers, supervisors, and occasional interaction with the public. (Tr. 30–34).

With the assistance of the VE, the ALJ found Plaintiff could not perform any of his past relevant work but could perform representative occupations such as photocopy machine operator, marker, or small parts assembler. (Tr. 34–35). The ALJ found Plaintiff was not disabled from April 22, 2020, through May 26, 2023, the date of the decision. (Tr. 35).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 9, 11, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following points on appeal: 1) whether the ALJ erred as a matter of law by failing to account for Plaintiff's social limitations in the RFC; 2) whether the ALJ erred by failing to reconcile an internal inconsistency in the medical opinions related to the Plaintiff's social restrictions. (ECF No. 9). Plaintiff argues that the ALJ erred in his treatment of the State Agency psychological consultants' opinions. *Id*, p. 8. Plaintiff asserts that it was error for the ALJ to find these opinions to be generally persuasive without addressing or reconciling the inconsistency between these opinions and the RFC ultimately adopted. *Id*. pp. 8–9. Specifically, Plaintiff objects to the ALJ's adoption of a limitation to frequent interaction with supervisors and coworkers and occasional interaction with the public, as this does not align with the opinions the ALJ found persuasive. *Id*. These opinions provided limitations to work where interpersonal contact is incidental to the work to be performed and supervision required is simple, direct, and concrete. *Id*. Plaintiff further argues that the medical opinion itself is internally inconsistent as the worksheet indicates Plaintiff would have no social limitations with respect to coworkers, but the narrative

explanation opines Plaintiff would be limited to incidental interactions with everyone in the workplace. *Id*, p. 15. Plaintiff argues that the ALJ's failure to reconcile this internal inconsistency, and failure to provide meaningful explanation as to why a limitation to frequent contact was substituted for the opined limitation of incidental contact is reversible error. *Id*.

Defendant argues that the ALJ was not bound to adopt every element of the opinions of State Agency psychological consultants Nicolas Rios, Psy.D., and Maragret Podkova, Psy.D., simply because he found their opinions to be generally persuasive, as the ALJ never stated that he was adopting these opinions verbatim. (ECF No. 11). Defendant further argues that the ALJ further accounted for Plaintiff's social limitations by finding Plaintiff could perform representative occupations which all involved unskilled work, and such work involves primarily working with objects rather than data or people. *Id*., p. 5.

Plaintiff submitted a reply brief, wherein he argues that the Defendant's argument regarding persuasive medical opinion is only partially correct—while an ALJ is not required to adopt even a persuasive medical opinion verbatim, the ALJ must clearly explain why the opinion was not adopted. (ECF No. 12, p. 2). Plaintiff further argues that much of Defendant's brief amounts to *post hac* rationalizations of the ALJ's decision. Plaintiff contends that the ALJ's finding that Plaintiff could perform unskilled representative occupations does not inherently account for Plaintiff's social limitations. *Id*., p. 8.

RFC is the most that a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This assessment includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. *Guilliams v. Barnhart*, 393 F. 3d 798, 801 (8th Cir. 2005). *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). The United States Court of Appeals

for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

The conflict between the ALJ's RFC finding and the opinions of Dr. Rios and Dr. Podkova were not minor and were not addressed or resolved within the ALJ's opinion. The ALJ addressed these opinions in a single paragraph, summarizing their opinions as follows: "These physicians reviewed the record and opined that the claimant could perform less than the full range of light work including limited reaching with the upper extremity. In addition, the physicians opined that the claimant could perform simple/unskilled work." (Tr. 33). The ALJ found these opinions generally persuasive as they were supported by the medical evidence and consistent with the record without further discussion. *Id*. Both State Agency psychological consultants opined that Plaintiff would be limited to work where interpersonal contact was incidental to the work performed, such as assembly work and where the supervision required would simple, direct, and concrete. (Tr. 91, 103). The ALJ did not address this portion of their opinions. (Tr. 33). The ALJ found that Plaintiff could have frequent interaction with coworkers and supervisors, and occasional interaction with the public. (Tr. 30). The ALJ did include a footnote explaining that occasionally means from very little up to 1/3 of the time, while frequently means from 1/3 to 2/3 of the time. *Id*. However, the ALJ did not at any point in the RFC analysis acknowledge that there was a difference between his RFC findings and the psychological consultants' opinions, nor did he reconcile that difference with his finding that those opinions were persuasive. (Tr. 30–33).

While changes were made to how the Social Security Administration treats medical opinions which impact all cases filed on or after March 27, 2017, an ALJ is still required to resolve conflicts between the RFC findings and opinions from a medical source. *See* 20 C.F.R. § 404.1520c; *Stafford v. Kijakazi*, 2022 WL 350861 at *4 (W.D.Mo. Feb. 7, 2022)(Finding ALJ erred where the RFC deviated from an opinion the ALJ found generally persuasive).

While Defendant argues that the ALJ's step five finding of unskilled occupations accounted for Plaintiff's social limitations, the ALJ did not make any such finding in his RFC. This Court's review of the Commissioner's decision is limited to the rationale provided by the ALJ. *See Bonnett v. Kijikazi*, 859 Fed. Appx. 19 (8th Cir. 2021) (unpublished) (per curium) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069-70 (8th Cir. 2020) remanding where ALJ discredited physician's opinion without discussing factors contemplated in Regulation, as failure to comply with opinion-evaluation Regulation was legal error); *Pipkins v. Kijakazi*, No. 1:20 CV 161 CDP, 2022 WL 218898 (E.D. Mo. Jan. 25, 2022) (finding that the ALJ's failure to "explain" and "articulate" the supportability and consistency of medical opinion evidence was reversible error even when the ALJ elsewhere adequately summarized the evidence of record, and it supported the RFC determination).

Here, the ALJ did not provide adequate analysis to allow the Court to determine why the RFC determination conflicts with the opinions that were found persuasive; and we do not have adequate analysis or additional hypotheticals to the VE to allow the Court to determine whether or not the ALJ would have reached the same decision if he had adopted an RFC that accounted for all of the opined limitations. The Court finds remand is necessary for the ALJ to more clearly consider the Plaintiff's RFC.

### IV.     Conclusion

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 4th day of April 2025.

*Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE